UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
March 7, 2006

No. 04-4064
CR-02-191-MU

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

LESLIE FOUNTRESA FREEMAN

    Defendant - Appellant

FILED
CHARLOTTE, N. C.

MAR - 9 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

---------------

M A N D A T E

---------------

The judgment of this Court, entered 2/13/06, takes effect this date.

A certified copy of this Court's judgment and a copy of its decision are issued to the district court and constitute the mandate of this Court.

/s/ Patricia S. Connor
-----------------------
CLERK

JUDGMENT     FILED: February 13, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 04-4064
CR-02-191-MU

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

LESLIE FOUNTRESA FREEMAN

    Defendant - Appellant

---

Appeal from the United States District Court for the
Western District of North Carolina at Charlotte

---

In accordance with the written opinion of this Court filed this day, the Court vacates the judgment of the District Court. This case is remanded to the District Court for further proceedings consistent with the Court's opinion.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
------------------------
CLERK

ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4064

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLIE FOUNTRESA FREEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-02-191-MU)

Submitted: June 30, 2005            Decided: February 13, 2006

Before WIDENER, WILKINSON, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leslie Fountresa Freeman appealed her convictions and sentence for possession with intent to distribute 500 grams or more of cocaine under 21 U.S.C. § 841(a)(1) (2000), and importation of cocaine into the United States under 21 U.S.C. § 952(a) (2000). Initially we affirmed Freeman's convictions and sentence. Before the mandate issued, however, Freeman filed a petition for panel rehearing and rehearing en banc again challenging her convictions, and for the first time challenging her sentence under Blakely v. Washington, 542 U.S. 296 (2004), and in anticipation of United States v. Booker, 125 S. Ct. 738 (2005). Because Booker constitutes an intervening change in the law bearing on the outcome of this appeal, we grant rehearing, vacate Freeman's sentence, and remand for resentencing. We continue to affirm Freeman's convictions.

In light of Booker, United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), and United States v. White, 405 F.3d 208 (4th Cir. 2005), we find that the district court plainly erred in imposing Freeman's sentence under the then mandatory sentencing guidelines scheme.* We therefore vacate Freeman's sentence and remand for resentencing consistent with Booker. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a

---

*Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Freeman's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 2 -

sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-Guidelines sentence, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>